East'n. District
Feb. 1824.

FLOWER
vs.
M'MICKEN

The absence
of one of the at-
torneys employ-
ed, is not a
ground for a
new trial, when
the other de-
clared himself
ready to pro-
ceed, when the
cause was call-
ed.

A person who
undertakes to
collect a debt,
by suit, is bound
to issue a ca.
sa. if the money
cannot other-
wise be collec-
ted.

FLOWER vs. M'MICKEN.

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. The plaintiff states he received from the defendant, for a valuable consideration, a note of Blackburn, under a written agreement that the defendant would hold himself account-able for its amount, he (the plaintiff,) using all necessary steps for the collection of it from the maker, without delay—that the plaintiff took, without delay or success, all necessary steps, and has spent several sums of money in his at-tempt, which the defendant is bound to repay, with the amount of the note.

The defendant pleaded the general issue.— There was a verdict and judgment against him and he appealed.

The statement of facts admits the assign-ment as stated in the petition, that the plain-tiff directed the fi. fa. to issue against Black-burn as soon as it could, after the judgment.

The record of the suit *Flower vs. Blackburn* comes up.

The defendant and appellant contends that the district court erred in refusing him a new trial.

This was prayed for, on the defendant's affidavit, that evidence which he deems material was not given to the jury; viz: that Blackburn told the deputy sheriff, in presence of the defendant, a short time after the deputy had made the return on the execution against Blackburn, that if he would call, in three or four days, he would give up sufficient notes and accounts to satisfy the judgment.

East'nDistrict. Feb. 1824.

FLOWER vs. M'MICKEN

Proof was also made that Turner, one of the plaintiff's attorneys, was prevented by indisposition and highw. ter, from reaching the court house till after the trial; that he was the counsel on which the defendant chiefly relied, that Barrow, the other attorney on record, was only Turner's partner.

It was shewn that Barrow, when the cause was called for trial, had answered he was ready and that, on examining the files, no witness appeared to have been subpenaed.

It does not appear to us that the court erred. The affidavit does not state that Turner was in possession of the deposition of any witness establishing the fact, which it is contended was material. The deputy sheriff most probably was not far from court, at the time of the trial, and if he was not, as no step had been

East'n District.
*Feb*. 1824.

FLOWER
*vs.*
M'MICKEN

taken to secure his attendance, the presence of Turner could not have availed much. Barrow being an attorney regularly admitted, and as it appears from the petition, being engaged at the inception of the suit, must be presumed to be a sufficient judge of the expediency of continuing the cause, and he declared himself ready.

The record shows that the plaintiff in due time had suit brought against Blackburn, prosecuted it diligently to judgment, and issued timely a fi. fa. which was returned *nulla bona*.

But it is urged the plaintiff neglected to take out a *ca. sa.* which it is said was a necessary step to compel payment. It appears to us it was. A defendant may conceal his goods from the sheriff, he may have them in an other parish than that to which the *ca.sa.* issues; he may have the control of many goods; debts may be due him. A *ca.* s*a.* will compel him in this case to take means to discharge the debt, which he will neglect, if permitted to enjoy his liberty, and attend to his affairs; the party who neglects to issue a *ca. sa.* neglects a necessary step towards the collection of the debt. See a case in 2 *Burrows*, 2063, and that of Palmer there referred to.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be be annulled, avoided, and reversed, and that there be judgment for the defendant, as in case of a nonsuit, with costs in both courts.

*Preston* for the plaintiff, *Watts & Lobdell* for the defendant.